# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BERNADETTE BATTLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-6031-CV-SJ-DW |
| | ) | |
| CITIGROUP, INC., et. al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to File Civil Action *In Forma Pauperis* and Motion to Appoint Counsel (Docs. 1 and 3).

### Motion to Proceed In Forma Pauperis

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If the plaintiff qualifies, the court grants the application to proceed *in forma pauperis*, but must also immediately decide if the action must be dismissed because it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a party immune from such damages. 28 U.S.C. § 1915(e)(2)(B); Martin-Trigona v. Stewart, 691 F.2d at 857.

A court may "authorize the commencement ... of any suit ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In analyzing plaintiff's economic status, the Court considers that court fees and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit states that she is currently employed by Citicorp. Credit Services and

earns $1,529 per month. Plaintiff owns an automobile and has $278.50 in monthly payments. Her monthly rent is $340 and her monthly utilities, including groceries, are $270. Plaintiff's affidavit also lists numerous other miscellaneous expenses. These expenses come to approximately $374.

The Court is of the opinion that payment of the court fees and costs would not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4). According to her affidavit, Plaintiff has approximately $266.50 in excess income after paying for rent and monthly utilities.

Plaintiff's Motion for Leave to File Civil Action *In Forma Pauperis* is DENIED.

## Motion to Appoint Counsel

Title VII empowers the Court to appoint counsel "in such circumstances as the court may deem just." 42 USCS § 2000e-5. "Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." Slaughter v. Maplewood, 731 F.2d 587, 590 (8th Cir. 1984). As discussed above, Plaintiff's financial situation does not appear tenuous. Plaintiff has thus not shown, as is required by the statute, that she is unable to afford counsel.

It is therefore ORDERED that Plaintiff's Motion for Leave to File Civil Action *In Forma Pauperis* and Motion to Appoint Counsel are hereby DENIED. (Doc. 1 and 3) Plaintiff is ORDERED to pay her filing fees and file her complaint within thirty (30) days of this Order. If Plaintiff fails to file within the specified time, her case may be dismissed.

Date:   March 6, 2007                                    /s/ DEAN WHIPPLE
                                                                                                                       Dean Whipple
                                                                                                                   United States District Court